UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00108-MR

| CALEB MICHAEL PITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FNU FISHBACH, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.    BACKGROUND**

Pro se Plaintiff Caleb Michael Pitt ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. He filed this action on May 27, 2022, pursuant to 42 U.S.C. § 1983 based on events allegedly occurring while he was detained at the Buncombe County Detention Facility ("BCDF") in Asheville, North Carolina. [Doc. 1]. Plaintiff alleges that from April 1, 2020 to December 7, 2021 he was housed at BCDF inmate booking on level one suicide watch

"because [he] popped two sprinklers and [his] original charge of assault with a deadly weapon." [Id. at 4]. Plaintiff alleges that Defendants Fishbach and Rayes, both identified as Lieutenants at BCDF, were responsible for this decision. [Id. at 5]. Plaintiff alleges that Defendants advised him that "your housing is for safety and security of you and the facility." [Id. at 4]. While on level one suicide watch, Plaintiff had no mat and no property and he "was not allowed to contact the courts." Plaintiff alleges that he told his mother, sister and his attorneys, Joseph Bowman and Ted Besen, regarding his housing status. [Id. at 5]. Plaintiff alleges that he suffered only mental injury for which he received "bare minimum" treatment. [Id.]. Plaintiff claims his rights under the First and Eighth Amendment were violated and sues Defendants in their official capacities only. [Id. at 3]. For relief, Plaintiff seeks monetary and injunctive relief. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff claims his rights under the First and Eighth Amendments were violated by the alleged conduct.

## A. Official Capacity

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue Defendants, who are employees of the Buncombe County Sheriff's Office, in their official capacities only. Plaintiff, however, fails to allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff, therefore,

has failed to state a claim against Defendants in the first instance and these Defendants will be dismissed.

## B. Access to the Courts

Even if Plaintiff had named Defendants in their individual capacities, he has otherwise failed to state a claim for relief. As to Plaintiff's First Amendment claim, prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

5

Here, Plaintiff alleges only that he was not allowed to contact the courts. He does not allege that he suffered any injury from any lack of access to the courts and affirmatively alleges that he was able to contact his attorneys. The attorneys' contact with the courts was in no way inhibited. As such, Plaintiff has failed to state a claim for relief under the First Amendment and it will be dismissed.

C. **Cruel and Unusual Punishment**

Plaintiff claims he was subjected to "cruel and unusual punishment" in violation of the Eighth Amendment for Defendants' decision to house him in BCDF inmate booking on suicide watch for approximately 17 months.[1] [See Doc. 1 at 4-5]. Because Plaintiff was a pretrial detainee and not a convicted prisoner at the time of the alleged denial, this claim is governed by the Due Process Clause of the Fourteenth Amendment rather than by the Eighth Amendment's prohibition against cruel and unusual punishment. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1998) (citations omitted). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is

---

[1] In one part of the Complaint, Plaintiff alleged he was housed in inmate booking for 14, not 17, months. [See Doc. 1 at 5]. The result is the same either way.

'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.'" Id. (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 2983 (1983)). "But not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." Id. (citation omitted). To establish that a particular condition or restriction of his confinement is unconstitutional punishment, a pretrial detainee "must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." Id. (citation omitted).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment. Plaintiff's allegations evince no intent to punish Plaintiff and demonstrate that Plaintiff's housing location was reasonably related to a legitimate nonpunitive governmental objective, that is, the security and safety of the Plaintiff and the facility. The Court, therefore, will dismiss this claim.

### D. Injunctive Relief

For relief, Plaintiff states he "want[s] this cruel and unusual punishment to end" at BCDF. [Doc. 1 at 5]. Plaintiff, however, has been transferred from

BCDF to Alexander Correctional Institution. Thus, Plaintiff's claim for injunctive relief is moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

Plaintiff, therefore, has no remaining claims or Defendants before the Court. The Court, however, will allow Plaintiff to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Finally, piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review for Plaintiff's failure to state any claim for relief. See 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants Fishbach and Rayes are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: July 15, 2022

Martin Reidinger
Chief United States District Judge